## 51759. NICOLELLI v. CONNELL.

WEBB, Judge.

Joe Connell brought suit on an oral contract against Mary Nicolelli. The jury returned a verdict in plaintiff's favor, and defendant appeals. *Held:*

1. The jury was quite authorized to find, in accordance with the allegations of the complaint, that plaintiff performed his obligations under the contract. It was thus removed from the Statute of Frauds. Code § 20-402.

2. The attorney who formerly represented defendant with respect to the subject matter of the contract originally filed this suit on plaintiff's behalf against his former client. On motion for disqualification the attorney withdrew and another undertook to represent plaintiff. At trial, however, the disqualified attorney was permitted, over objection, to testify against his former client that she had engaged him to prepare a written contract conforming to the parol agreement contended for by plaintiff. This testimony was harmful to defendant, since she denied that any agreement had been made.

We reverse. "No attorney shall be competent or compellable to testify, . . . against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney. . ." Code § 38-1605.

3. The award of attorney fees was not authorized. "The key to the test is 'bona fide controversy.' " *Buffalo*

*Cab Co. v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317). The evidence was in conflict as to whether there had been an oral agreement as contended for by the plaintiff, and a bona fide controversy existed.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Submitted February 4, 1976 — Decided February 11, 1976.

*Albert E. Butler,* for appellant.
*Gibbs & Leaphart, Alvin Leaphart,* for appellee.